UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-092 JCC |
| Plaintiff, | |
| v. | DETENTION ORDER |
| LUIS ARTURO MAGANA-RAMIREZ, | |
| Defendant. | |

<u>Offenses charged in Superseding Indictment, returned August 6, 2020</u>:

**Count 1**: Conspiracy to Distribute Controlled Substances, including methamphetamine, heroin and fentanyl.  Specific quantities alleged: 50 grams or more of methamphetamine; 500 grams or more or a mixture or substance containing a detectable amount of methamphetamine; one kilogram or more of a mixture or substance containing a detectable amount of heroin; and 400 grams or more of a mixture or substance containing a detectable amount of fentanyl

**Count 3**: Attempted possession, with intent to distribute, of methamphetamine and heroin. Specific quantities alleged: 50 grams or more of methamphetamine; and 500 grams or more of

DETENTION ORDER
PAGE -1

a mixture or substance containing a detectable amount of methamphetamine; and one kilogram or more of a mixture or substance containing a detectable amount of heroin; all in furtherance of the conspiracy alleged in Count One.

**Count 9**: Knowing himself to be an alien illegally and unlawfully in the United States, defendant possessed firearms and ammunition, all of which had been shipped in interstate and foreign commerce; specifically, two pistols, and a total of 124 rounds of six different varieties of ammunition.

Date of Detention Hearing:   Begun August 7, 2020; continued to August 21, 2020 and completed on that date.   The hearing was recessed to afford defendant an adequate opportunity to consult with his counsel before and during the detention hearing.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearances of defendant as required and the safety of other persons and the community.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The charges in the Superseding Indictment create a rebuttable presumption that defendant should be detained pending resolution of this case.  Defendant has alleged some facts, and has presented argument in opposition to the

presumption. But the presumption remains as a factor the court should consider.

(2) In addition, as detailed below, the United States has made a strong showing that defendant, if released, would present a significant risk of flight, and a significant danger to other persons and the community.

(3) The court therefore concludes that defendant has not adequately rebutted the presumption for detention; and that the showing by the United States overwhelmingly establishes that he should be detained.

## FLIGHT RISK

(4) Defendant lives in Fife, WA with his wife and two children. One child is autistic.

(5) The Unites States alleges that defendant is an alien; is present in this country illegally; and will be deported at the conclusion of the case, regardless of outcome. An immigration detainer has been lodged. Defendant alleges he has valid travel documents; but has presented nothing in support of this allegation. He acknowledges he was born in Mexico, and makes no specific showing as to his legal status in the country.

(6) Defendant is a journeyman union carpenter and installs drywall and framing. The United States counters that, during surveilliance defendant and his telephone during the 2020, he was never observed going to or from a construction site, doing any construction work, driving a construction vehicle, or being dressed for construction work. Defendant has presented financial

records to indicate that he worked for at least one week in 2020 prior to his arrest. But the records defendant has presented do not establish that he derived any more than minimal income from his employment in 2019 or 2020.

(7) If convicted of the charges against him, he faces the possibility of a sentence of life imprisonment on each of Counts 1 and 3, and a mandatory minimum sentence of ten years of each of these counts. He also faces an additional sentence on Count 9. If he were to be convicted, he will be deported when he concludes his sentence. Even if he is acquitted on all charges, he will be deported. Despite the current presence of his wife and children in the area, there is little incentive for him to remain and to make his court appearances if the court releases him prior to trial. Electronic location monitoring and other conditions the court might impose would not provide reasonable assurance he would make those future court appearances.

DANGER TO OTHER PERSONS AND THE COMMUNITY

(8) There are three bases for the Court's concerns about the danger defendant would pose if he were released prior to trial: (a) his specific threats and attempts to kill or harm others during the investigation of this case; (b) his alleged illegal possession of three pistols and extensive ammunition; and (c) his alleged major role in a conspiracy to distribute large quantities of methamphetamine, heroin, and fentanyl.

(9) Wiretaps indicated that defendant was and is a leader of the drug trafficking

|  |  |  |
|---|---|---|
| 01 |  | organization, and directed other members to kidnap a participant (and co- |
| 02 |  | defendant) named Barbosa, who owed money to the organization. Defendant |
| 03 |  | offered $10,000 "for Barbosa's head." Defendant said he intended to kill |
| 04 |  | Barbosa and his entire family, and made arrangements to supply firearms to |
| 05 |  | others in the conspiracy for this purpose. Later, other members of the |
| 06 |  | conspiracy persuaded defendant to "just beat him up," instead. Law |
| 07 |  | enforcement arrested Barbosa on an outstanding warrant, to protect him. But |
| 08 |  | he has since been released, and remains at large. He is therefore at risk of harm |
| 09 |  | from defendant . Wiretaps also revealed discussions by defendant about harm |
| 10 |  | defendant intended to do to at least one other person who owed money to the |
| 11 |  | organization. |
| 12 | (10) | A search of defendant's residence on July 28, 2020 yielded the firearms and |
| 13 |  | ammunition charged in Count 9, along with drugs and cash. |
| 14 | (11) | At least seven circuits have held the risk of continued drug dealing poses a |
| 15 |  | danger to the community. While the Ninth Circuit has not specifically so |
| 16 |  | ruled, there is no holding from any circuit to the contrary. |
| 17 | (12) | Defendant emphasizes the fact that defendant has no criminal record. |
| 18 | (13) | The Pretrial Services Office recommends defendant's release on conditions |
| 19 |  | which are designed to address the court's concerns about flight risk and |
| 20 |  | danger. With due respect to the views of the Pretrial Services Office, the court |
| 21 |  | does not conclude there is any reasonable assurance defendant would *comply* |
| 22 |  | with those these conditions. Release on these conditions would therefore not |

reasonably assure defendants future appearances, or the safety of other persons and the community.

## RISKS THAT CONTINUED DETENTION MIGHT PRESENT TO DEFENDANT'S HEALTH AND SAFETY

(14) Defendant argues that his continued detention presents serious risks to his health and safety. This is a particularly troubling issue, as the number of inmates and staff testing positive for coronavirus and COVID 19 at the Federal Detention Center SeaTac continues to rise. But the staff of that facility, and of the Federal Bureau of Prisons generally, have the responsibility to take all possible measures to protect inmates (and staff). The court is satisfied they are discharging that responsibility, to the best of their ability, in very difficult circumstances. It would not be appropriate for the court to suspend application of the Bail Reform Act and release pretrial defendants who otherwise would be detained by application of the standards of that Act.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 21st day of August, 2020.

*[signature]*

JOHN L. WEINBERG
United States Magistrate Judge

DETENTION ORDER
PAGE -7