THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>LUIS MAGANA-RAMIREZ,<br><br>                Defendant. | CASE NO. CR20-0092-JCC-3<br><br>ORDER |

This matter comes before the Court on Defendant's motion to continue sentencing and for an order compelling the production of additional discovery (Dkt. No. 1088), along with the Government's motion to seal (Dkt. No. 1094).

Defendant pleaded guilty to Counts 1 and 9 of a Superseding Indictment. (*See* Dkt. Nos. 805, 836.) He now asks the Court to order the Government to produce all evidence in its possession favorable to Defendant and material to the issue of an appropriate sentence to be imposed, and to continue the September 19, 2023 sentencing hearing until that production is complete. (*See* Dkt. No. 1088 at 1–4.) In response, the Government provided the Court with exhibits containing some of the communications between the parties on this issue, in the form of e-mails and letters. (*See* Dkt. No. 1099, 1099-1, 1099-2.)

These communications confirm that the Government, indeed, possesses additional relevant information. And while the Government provided Defense counsel with a summary of

this information, it did not provide the source documents and material. (*See generally id.*) A curated production does not satisfy the Government's discovery obligation. On this basis, the Court GRANTS Defendant's motion (Dkt. No. 1088) and ORDERS the Government to provide Defendant with the underlying material and documents no later than September 20, 2023, with redactions as appropriate. The basis of those redactions should be provided in a privilege log. Correspondingly, the Court CONTINUES Defendant's sentencing to October 3, 2023, at 9 a.m. in Courtroom 16B.

Separately, the Government moves to maintain under seal the exhibits referenced above. (*See* Dkt. No. 1094.) While the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the nature of the information contained in the exhibits at issue, these criteria are met here. Accordingly, the Government's motion to seal (Dkt. No. 1094) is GRANTED and the Clerk is DIRECTED to maintain Docket Number 46 under seal.

It is so ORDERED this 11th day of September 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE