THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ARTURO MAGANA-RAMIREZ,<br><br>Defendant,<br><br>and<br><br>CECILIA BRAVO MOLINA,<br><br>Third-Party Petitioner. | CASE NO. CR20-0092-JCC-3<br><br>ORDER |

This matter comes before the Court on the Government's unopposed motion for summary judgment (Dkt. No. 1225). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

Defendant Luis Arturo Magana-Ramirez pleaded guilty to Conspiracy to Distribute Controlled Substances and Illegal Alien in Possession of a Firearm and Ammunition. (*See* Dkt. No. 836 at 1.) As part of the plea agreement, Mr. Magana-Ramirez admitted that $58,861 in United States currency seized from his residence constituted "drug proceeds." (Dkt. No. 807 at

11.) As such, the Court entered an order of forfeiture as to Mr. Magana-Ramirez's interest in these proceeds. (Dkt. Nos. 922 at 1–4, 1145 at 7.) However, his wife, Cecilia Bravo Molina, claims an interest in the property.

Ms. Molina first asserted this interest shortly after the seizure, through a procedurally deficient claim. (Dkt. No. 1226-2.) The Government later issued formal notice of the forfeited funds. (Dkt. No. 1024). Ms. Molina then renewed her claim. (Dkt. Nos. 1051, 1160.) She separately petitioned for the return of a portion of the currency on the basis that it was her own and bore no relation to Mr. Magana-Ramirez's crime(s). (Dkt. No. 1226-3). The Court permitted discovery in the matter in accordance with Federal Rule of Criminal Procedure 32.2(c)(1). (*See* Dkt. No. 1224.) During this period, Ms. Molina informally corresponded with the Government but did not respond to its interrogatories or requests for production. (*See* Dkt. No. 1226 at 2–3.) Following the close of discovery, the Government moved for summary judgment, arguing that, based on the evidence produced, Ms. Molina cannot establish a genuine issue of fact regarding her interest in the property. (*See generally* Dkt. No. 1225.)

18 U.S.C. § 853(n)(2) governs the adjudication of third-party interests in forfeited property. Although proceedings under § 853(n) arise in the context of a criminal forfeiture, a § 853(n) ancillary proceeding is essentially a civil matter. *See U.S. v. Counterfeit Merchandise and Proceeds from Sales of Counterfeit Merchandise*, 2011 WL 1667437, slip op. at 2 (N.D. Cal. May 3, 2011) (citing *U.S. v. Gilbert*, 244 F.3d 888, 907 (11th Cir.2001)). To seek return of such property, a third-party claimant must first establish an interest in the property by a preponderance of the evidence. *See U.S. v. Lazarenko*, 610 F. Supp. 2d 1063, 1066 (N.D. Cal. 2009), *rev'd on other grounds*; *U.S. v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004); *U.S. v. Real Property Located at Section 18*, 976 F.2d 515, 520 (9th Cir. 1992). If a third party cannot do so, the Court can dispose of their claim via a motion for summary judgment. *See* Fed. R. Crim. P. 32.2(c) advisory committee's note to 2000 amendment.

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts in the light most favorable to the nonmoving party and draw justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In her petition, Ms. Molina claims an interest in $30,000 of the seized currency. (*See* Dkt. No. 1226-3 at 11.)[1] She contends that she earned these funds through a beauty products business. She attached to her petition income tax returns, along with bank and PayPal statements showing the business's purported purchases and sales. (Dkt. No. 1226-3 at 13–160.) Additional records submitted with her original claim include invoices and credit card statements showing purchases and sales. (Dkt. No. 1226-2 at 4–6, 181–95.) These records provide evidence of Ms. Molina's business (and the source of her *income*). But they do not provide a source for the *cash* she now asserts an interest in. In only one instance do the records show that Ms. Molina reduced the financial activity which the records support *to a cash withdrawal*. (*See* Dkt. No. 1226-3 at 155.) And in that instance, she deposited the same amount of cash the same day (so the withdrawal and the deposit net to zero). (*See id.*; *see also* Dkt. No. 1226-13 (bank records separately obtained by the Government accounting for the same net activity).)

Without any records to demonstrate the source of the cash Ms. Molina now claims an

---

[1] Prior to the Government's notice, Ms. Molina asserted an interest in $10,000 of the seized funds. (Dkt. No. 1226-2 at 3.) Following notice, she asserted an interest in $25,000. (Dkt. Nos. 1051 at 1, 1160 at 1.) These claims are procedurally deficient on their face. So the Court focuses on Ms. Molina's August 2022 petition seeking the return of $10,000 bills . . . kept in a safe in my children's room" and "$20,000 bills . . . in a safe in the garage." (Dkt. No. 1226-3 at 11.)

ORDER
CR20-0092-JCC-3
PAGE - 3

interest in, she fails to establish a genuine issue of fact as to her interest in the $58,861 in currency seized from her and Mr. Magana-Ramirez's home. For the foregoing reason, the Government's motion for summary judgment (Dkt. No. 1225) is GRANTED. Ms. Molina's petition (Dkt. No. 1226-3) is DISMISSED with prejudice. The Court will retain jurisdiction for the purposes of (a) enforcing this order, (b) entering a final order of forfeiture, and/or (c) amending the preliminary or final orders of forfeiture pursuant to Rule 32.2(e).

DATED this 20th day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE